[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13695
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00105-JES-DNF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOB FRANK SCOTT,

Defendant-Appellant.


_____

No. 13-13696
Non-Argument Calendar
_____

D.C. Docket No.  2:13-cr-00031-JES-UAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOB FRANK SCOTT,

Defendant-Appellant.

_____

No. 13-13697
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00037-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOB FRANK SCOTT,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 10, 2014)

Before PRYOR, MARTIN, and COX, Circuit Judges.

PER CURIAM:

2

Jacob Scott appeals his 180-month sentence following his plea of guilty to three separate counts of bank robbery (charging robbery of banks in three separate states) in violation of 18 U.S.C. § 2113(a).  Scott contends that his 180-month sentence is procedurally and substantively unreasonable.  He also argues that the district court neglected "to comply with the mandate of 18 U.S.C. § 3553(c)(2), which requires that if the district court imposes a sentence outside the guideline range, it must explain 'the specific reason' for that sentence."  (Appellant's Br. at 18).

Scott contends that his total sentence is procedurally unreasonable because: (1) the district court failed to adequately explain the reason for its substantial upward variance; (2) the court gave little weight to the advisory guideline range; (3) the court failed to adequately explain why his criminal history required an upward variance; and (4) the court failed to adequately address his mitigation arguments.  In light of the record and arguments by the parties, Scott fails to demonstrate that his total sentence was procedurally unreasonable.  The district court correctly calculated Scott's guideline range and explicitly stated that it considered all of the factors in § 3553(a).  (R. 46 at 17); *see also United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005) (holding it is sufficient for a district court to state that it has considered the § 3553(a) factors).  It further emphasized

3

Scott's tumultuous personal history, his criminal history, the seriousness of the offenses, and the need to protect the public as reasons for sentencing him above the guideline range. (R. 46 at 17). The district court explained Scott's total sentence adequately and provided a "sufficiently compelling" justification for imposing the upward variance.

Additionally, Scott argues that his total sentence was substantively unreasonable because: (1) it was greater than necessary and (2) the district court failed to adequately consider the advisory guideline range, his difficult childhood, his mental illnesses and drug addictions, and the overrepresentation of his criminal history. Scott's 180-month total sentence was also substantively reasonable under the totality of the circumstances and in light of the §3553(a) factors. Scott argues that the district court failed to afford adequate consideration to relevant § 3553(a) factors in imposing a total sentence that was greater than necessary. (Appellant's Br. at 19). This argument is without merit. "[S]ignificant reliance on a single factor does not necessarily render a sentence unreasonable," and this court has held that the weight given to any specific § 3553(a) factor is in the sole discretion of the district court. *United States v. Kuhlman,* 711 F.3d 1321, 1327 (11th Cir. 2013). Further, this court views a sentence that is well below the statutory maximum as an indicator of reasonableness. *See United States v. Gonzalez,* 550 F.3d 1319, 1324

4

(11th Cir. 2008) (noting that the sentence was well below the statutory maximum in concluding that the sentence was reasonable). Here, the court considered the § 3553(a) factors and gave particular weight to Scott's substantial criminal history, the need to protect the community, and the nature and seriousness of the offense conduct. (R. 46 at 17, 22). In light of the seriousness of Scott's current offenses, his prior offenses, including the frequency and number of offenses, the fact that the total sentence was well below the statutory maximum, and the court's consideration of the § 3553(a) factors, Scott's total sentence of 180 months was substantively reasonable.

Scott also argues that his total sentence is in violation of 18 U.S.C. § 3553(c)(2) because the district court failed to adequately explain the major upward variance. He argues that the district court ran afoul of § 3553(c)(2) because it did not state a "specific reason" for imposing a total sentence outside the guideline range. *See* 18 U.S.C. §3553(c)(2); (Appellant's Br. at 18–20, 23).

The district court discussed Scott's lengthy and substantial criminal history, the serious nature of the current offense conduct, the need to protect the community, and the inadequacy of the guidelines as calculated in imposing the above-guideline total sentence. (R. 46 at 17, 22). Accordingly, because the district court clearly articulated its reasons for imposing an above-guideline total sentence

5

in its oral pronouncement at sentencing, the district court complied with §
3553(c)(2).

**AFFIRMED**.